IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD O'HARA, JR., | : |
| Plaintiff, | : |
| v. | : |
| THE PREMCOR REFINING GROUP, INC., | : Civil No. 09-500 (RBK/JS) |
| Defendant/Third-Party Plaintiff, | : **OPINION** |
| v. | : |
| GRIFFITH ROOFING & WATERPROOFING, INC., | : |
| Third-Party Defendant. | : |

**KUGLER**, United States District Judge:

This third-party action involves a contract dispute between Third-Party Plaintiff Premcor Refining Group, Inc. ("Premcor") and Third-Party Defendant Griffith Roofing & Waterproofing, Inc. ("Griffith"). Plaintiff Edward O'Hara, Jr. is a worker who was injured while working at a facility operated by Premcor. Plaintiff sued Premcor for negligence. Premcor's insurer denied coverage to Premcor regarding Plaintiff's lawsuit. Premcor subsequently sued Griffith for failure to obtain adequate insurance coverage as required by an agreement between Griffith and Premcor. Premcor now moves for partial summary judgment against Griffith. Premcor seeks a judgment that: (1) Griffith breached the parties' agreement by failing to obtain proper insurance coverage; and (2) Griffith is obligated to indemnify and defend Premcor against the injured

1

worker's claims. As explained below, the Court denies Premcor's motion for partial summary judgment because it is premature and because Premcor does not present evidence of facts warranting injunctive relief.

I.  **BACKGROUND**

This matter began when Plaintiff Edward O'Hara, Jr. sued Premcor in negligence for injuries he sustained while working as an employee of Griffith at a Premcor facility. Mr. O'Hara alleges that he fell and was injured because of a defective manhole cover. Mr. O'Hara was at the Premcor facility to perform work pursuant to a Short-Form Work Agreement (the "Agreement") between Premcor and Griffith. Mr. O'Hara does not allege that he was injured as a result of any negligence by Griffith.

Pursuant to the Agreement, Griffith agreed that "at all times while performing work under this Agreement, [Griffith] (and any permitted subcontractors) shall carry and maintain with insurers and on terms satisfactory to [Premcor] . . . Commercial General Liability insurance . . . ." (Premcor's Mot. for Partial Summ. J. against Griffith, Ex. D). The Agreement also provides: "All policies of insurance required hereunder (except workers compensation) shall provide worldwide response and coverage and shall name [Premcor] . . . as [an] additional insured[], and such policies shall provide the additional insureds with the same coverage as provided to the Named Insured under such policies." (Id.).

Pursuant to the Agreement, Griffith obtained a Commercial General Liability Insurance Policy (the "Policy") from Transcontinental Insurance Company ("CNA"). The Policy insures Griffith for injuries arising out of its own negligence and names Premcor as an "additional insured." (Premcor's Mot. for Partial Summ. J. against Griffith, Ex. C). However, the Policy includes an endorsement (the "Endorsement") that provides: "The insurance provided to the

2

additional insured [Premcor] is limited as follows: . . . No coverage applies to liability resulting from the sole negligence of the additional insured." (Id.).

In May 2009, after Mr. O'Hara initiated his lawsuit, Premcor demanded coverage from CNA for Mr. O'Hara's claims. CNA refused Premcor's claim on the basis that Mr. O'Hara's claims are predicated solely on Premcor's negligence, and they therefore fall within the Exclusion. Premcor filed a separate action against National Fire Insurance Company of Hartford ("Hartford"), CNA's successor, challenging the denial of coverage and seeking a declaration that the Policy covers Mr. O'Hara's claims. See Premcor Refining Grp. Inc. v. Nat'l Fire Ins. Co. of Hartford, Civ. No. 10-444. Premcor's Complaint in that matter alleges that the "claims against Premcor in the O'Hara Complaint fall within the coverage afforded by the [Policy] issued by defendant." (Premcor's Compl. against Nat'l Fire Ins. Co. of Hartford, ¶ 7). That matter is still pending, and the Court has not ruled on whether the Policy covers Mr. O'Hara's claims.

In addition to its lawsuit against Hartford, Premcor instituted this third-party action against Griffith alleging that Griffith breached the Agreement by failing to obtain the required insurance. Specifically, Premcor claims that the Agreement requires Griffith to obtain the "same coverage" for Premcor as it obtains for itself. According to Premcor, Griffith breached this obligation because the Policy provides coverage for injuries arising out of Griffith's negligence, but the Exclusion exempts coverage for injuries arising out of Premcor's negligence. Premcor's Complaint against Griffith asserts claims for breach of contract,[1] breach of the implied covenant of good faith and fair dealing, and common law and contractual indemnification.

---

[1] Premcor asserts two breach-of-contract claims. First, Premcor alleges that Griffith breached the Agreement by failing to obtain proper insurance. Second, Premcor alleges that Griffith breached a provision in the Agreement that requires it to "indemnify, defend, and hold [Premcor] . . . harmless against any and all . . . claims . . . which may arise out of or in connection with . . . any work performed under this agreement." (Premcor's M. for Partial Summ. J. against Griffith, Ex. D) (emphasis removed from original). Premcor does not move for summary judgment based on Griffith's breach of that indemnification provision. See 6 Del. C. Ann. § 2704(a) (declaring that any provision in a contract "relative to the construction alternation, repair or maintenance" of a facility within the State of Delaware

Premcor now moves for partial summary judgment against Griffith. Premcor seeks judgment against Griffith for breach of contract based its failure to obtain proper insurance. Premcor also requests that the Court enter a judgment requiring Griffith to "step into the shoes of its carrier and defend and indemnify Premcor in this action." (Premcor's Mot. for Partial Summ. J. against Griffith, at 2).

## II. LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, the Court is not to make credibility determinations regarding witness testimony. Sunoco, Inc. v. MX Wholesale Fuel Corp., 565 F. Supp. 2d 572, 575 (D.N.J. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

However, to defeat a motion for summary judgment, the nonmoving party must present competent evidence that could be admissible at trial. See Stelwagon Mfg. Co. v. Tarmac Roofing Sys., 63 F.3d 1267, 1275 n.17 (3d Cir. 1995). The nonmoving party "may not rest upon the mere allegations or denials of" its pleadings and must present more than just "bare assertions, conclusory allegations or suspicions" to establish the existence of a genuine issue of material fact. Fireman's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982) (citation omitted); see also Fed. R. Civ. P. 56(e). "A party's failure to make a showing that is 'sufficient

---

that "purport[s] to indemnify or hold harmless the promise" is "against public policy and is void and unenforceable"); see Wilson v. Active Crane Rentals, Inc., No. 01C-02-027, 2003 Del. Super. LEXIS 450, at *6-8 (Del. Super. Ct. Aug. 11, 2003) (applying 6 Del. C. Ann. § 2704(a)).

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial' mandates the entry of summary judgment." Watson v. Eastman Kodak Co., 235 F.3d 851, 857-58 (3d Cir. 2000) (quoting Celotex Corp., 477 U.S. at 322).

## III. DISCUSSION

### A. Summary Judgment Regarding Premcor's Breach of Contract Claim is Premature

To recover for a claim of breach of contract under Delaware law,[2] a plaintiff must prove: (1) the existence of a valid contract between the parties; (2) "the breach of an obligation imposed by that contract;" and (3) "resultant damage to the plaintiff." VLIW Tech., L.L.C. v. Hewlett-Packard Co., 840 A.2d 606, 612 (Del. 2003); see Towerhill Wealth Mgmt. LLC v. Bander Family P'ship, LP, No. 3830, 2010 Del. Ch. LEXIS 129, at *43 (Del. Ch. June 4, 2010) ("a party must allege and prove damages to have a successful breach of contract claim").

The Court finds that summary judgment is premature regarding Premcor's breach-of-contract claim because it is unclear at this time whether Premcor will suffer damages as a result of Griffith's alleged breach. Premcor claims that Griffith breached the Agreement because it failed to obtain insurance that covers injuries caused solely by Premcor's negligence. Premcor

---

[2] Although the parties do not address the issue, the Court concludes that Delaware law applies in this case. In the absence of a valid choice-of-law agreement between the parties, a federal court sitting in a diversity case applies the substantive law of the forum state. See Kleinknecht v. Gettysburg College, 989 F.2d 1360 (3d Cir. 1993) (applying the substantive law of the forum state); Bayer Chems. Corp. v. Albermarle Corp., 171 Fed. App'x. 392, 397 (3d Cir. 2006) (applying state substantive law as agreed by the parties). The Agreement includes a provision titled "Dispute Resolution." That provision provides: "Any controversy, cause of action, dispute or claim arising out of, or relating to, or in connection with, this Agreement, or the breach, termination or validity thereof, shall be settled by arbitration in accordance with the Commercial Arbitration Rules . . . of the American Arbitration Association . . . . THE EXPEDITED PROCEDURES SET FORTH IN THE RULES SHALL APPLY AND THE SUBSTANTIVE AND PROCEDURAL LAWS OF THE STATE OF TEXAS . . . ." (Premcor's Ex. D, at 5). According to the provision's plain language, Texas substantive law applies in an arbitration between the parties. See generally Cove on Herring Creek Homeowners' Ass'n v. Riggs, No. 02024-S, 2005 Del. Ch. LEXIS 71, at * (Del. Ch. May 19, 2005) ("It is fundamental that words in a contract are interpreted using their common or ordinary meaning") (internal quotation marks omitted). The Agreement does not provide that Texas law applies if the parties waive their right to arbitration and proceed in court, nor does the Agreement contain a separate choice-of-law provision addressing the substantive law to be applied in a litigation between the parties. Moreover, neither party argues that Texas law should apply in this litigation. Thus, Delaware substantive law applies in this case.

claims that the express terms of the Policy prove that Griffith breached that Agreement because the Policy excludes coverage for injuries caused "solely" by Premcor's negligence. However, even if the Court accepts that Griffith breached the Agreement, it is unclear whether Premcor will suffer any damages as a result of that breach. Premcor has taken the position before this Court in its lawsuit against Hartford that the "claims against Premcor in the O'Hara Complaint fall within the coverage afforded by the [Policy] issued by defendant [Hartford]." (Premcor's Compl. against Nat'l Fire Ins. Co. of Hartford, ¶ 7). If Premcor succeeds on this claim against Hartford, Hartford will be obligated to indemnify and defend Premcor against Mr. O'Hara's claims. In that event, even if Griffith breached the Agreement by not obtaining insurance to the full extent required by the Agreement, that breach did not result in damages to Premcor because the insurance Griffith actually obtained covers Mr. O'Hara's lawsuit against Premcor.[3] In short, it is simply too soon to tell whether Premcor can succeed on its breach-of-contract claim.

The policy against inconsistent judgments also supports denying Premcor's motion for summary judgment at this time. See Novartis Pharmeceuticals Corp. v. Teva Pharmeceuticals USA, Inc., No. 09-1887, 2009 U.S. Dist. LEXIS 97635, *14-15 (D.N.J. Oct. 21, 2009) (denying a motion to dismiss as premature because it may have resulted in inconsistent judgments). As explained above, Griffith's liability for breach of contract depends on the outcome of Premcor's lawsuit against Hartford. If the Court were to enter judgment against Griffith for breach of contract now, there is a risk that that judgment would be inconsistent with the subsequent judgment entered against Harford. Premcor's claim against Hartford must proceed before any

---

[3] Premcor has no doubt already incurred costs associated with defending against Mr. O'Hara's claims. However, if Premcor succeeds with its claim against Hartford for coverage under the Policy, CNA's improper denial of coverage under the Policy was the cause of those losses to Premcor; not Griffith's failure to obtain insurance that covers Mr. O'Hara's claims.

6

judgment regarding Griffith's liability for breach of contract predicated on Mr. O'Hara's lawsuit can be entered. Thus, summary judgment is inappropriate at this time.

**B. Premcor Offers No Basis for its Requested Injunctive Relief**

Premcor nevertheless argues that because Griffith did not obtain insurance as required by the Agreement, "Griffith must step into the shoes of its carrier and defend and indemnify Premcor" against Mr. O'Hara's claims. (Premcor's Mot. for Partial Summ. J. against Griffith, at 2). This amounts to a request for injunctive relief based on Griffith's alleged breach of contract.

"According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." eBay Inc. v. MercExchange, L.L.C., 126 S. Ct. 1837, 1839 (2006). "A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Id. (citing Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-13 (1982); Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987)). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court."[4] Id.

Premcor does not provide a legal or factual basis for injunctive relief. It simply asserts: "Having breached the contract, Griffith should be required to immediately 'cover' Premcor itself.

---

[4] The Court notes that there is some uncertainty regarding whether state or federal law applies to the issuance of a permanent injunction in a diversity case that does not implicate an express statutory right to injunctive relief. See Cook Inc. v. Boston Sci. Corp., No. 01-5825, 2002 U.S. Dist. LEXIS 19223, *4-5 (N.D. Ill. Oct. 1, 2002) (discussing uncertainty as to whether the standard for issuing a permanent injunction is a matter of procedural or substantive law). However, in this case, the result would be the same under both federal and state law because Delaware's standard for injunctive relief is essentially the same as the federal standard. See Draper Comm'ns, Inc. v. Delaware Valley Broadcasters Ltd. P'ship, 505 A.2d 1283, 1288 (Del. Ch. 1985) (holding that injunctive relief requires proof of actual success on the merits, irreparable harm absent injunctive relief, and the balance of hardships between the plaintiff and the defendant).

To the extent a party has to chase Griffith's carrier for coverage, that burden should fall on Griffith." (Premcor's Mot. for Partial Summ. J. against Griffith, at 10). That assertion does not satisfy the standard for injunctive relief. Premcor does not identify any irreparable harm related to Premcor's alleged breach. In fact, the most likely harms (if any) are a money judgment against Premcor in favor of Mr. O'Hara and Premcor's attorneys' fees and costs incurred defending against Mr. O'Hara's claims. Those injuries are easily redressable with money damages if and when they actually occur. Nor does Premcor present evidence suggesting that liability for Mr. O'Hara's claims would cause irreparable harm. The Court finds no basis for issuing an Order requiring Griffith to assume responsibility for defending and indemnifying Premcor against Mr. O'Hara's claims.[5]

## IV.    CONCLUSION

For the reasons discussed above, Premcor's motion for partial summary judgment is denied without prejudice. An appropriate Order shall enter today.

Dated: 1/28/11                                                          /s/ Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                        United States District Judge

---

[5] If Premcor ultimately succeeds with its breach-of-contract claim against Griffith, it may recover appropriate money damages, which may include the cost of defending itself against Mr. O'Hara's claims as well as any judgment rendered against Premcor in favor of Mr. O'Hara.