IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD O'HARA, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 09-500-RGA |
| | : | |
| THE PREMCOR REFINING GROUP, | : | |
| INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion in Limine to Exclude Testimony of Plaintiff's

Expert Witness, John Posusney. (D.I. 124). It is fully briefed. (D.I. 125, 128, 135).

This motion is mostly a *Daubert* motion.  Federal Rule of Evidence 702 states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or
education may testify in the form of an opinion or otherwise if: (a) the expert's scientific,
technical, or other specialized knowledge will help the trier of fact to understand the
evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or
data; (c) the testimony is the product of reliable principles and methods; and (d) the
expert has reliably applied the principles and methods to the facts of the case.

The Court of Appeals has explained:

Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability
and fit.  Qualification refers to the requirement that the witness possess specialized
expertise. We have interpreted this requirement liberally, holding that "a broad range of
knowledge, skills, and training qualify an expert." Secondly, the testimony must be
reliable; it "must be based on the 'methods and procedures of science' rather than on
'subjective belief or unsupported speculation'; the expert must have 'good grounds' for
his on her belief. In sum, *Daubert* holds that an inquiry into the reliability of scientific
evidence under Rule 702 requires a determination as to its scientific validity."  Finally,
Rule 702 requires that the expert testimony must fit the issues in the case. In other words,
the expert's testimony must be relevant for the purposes of the case and must assist the
trier of fact. The Supreme Court explained in *Daubert* that "Rule 702's 'helpfulness'
standard requires a valid scientific connection to the pertinent inquiry as a precondition to

admissibility."

> By means of a so-called "*Daubert* hearing," the district court acts as a gatekeeper, preventing opinion testimony that does not meet the requirements of qualification, reliability and fit from reaching the jury. *See Daubert* ("Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a) [of the Federal Rules of Evidence] whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue.").

*Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404-05 (3d Cir. 2003). Based on the record before the Court, the Court concludes that John Posusney has specialized expertise as an engineer. The main comment on his expertise is that he does not have refinery experience. (D.I. 125, at 7). His opinions do not appear to be specific to refineries. He certainly has engineering expertise. The lack of refinery experience appears to be immaterial. The more pertinent arguments deal with the "reliability" and "fit."

I should first note that I have been supplied with Mr. Posusney's expert report. (D.I. 125-5). Much of it, if offered as testimony, is clearly inadmissible, as it simply consists of recitations of narrative reports and deposition testimony. Other portions, while perhaps not clearly inadmissible, should nevertheless be excluded as not being of assistance to the trier of fact. Thus, for example, Mr. Posusney will not be permitted to testify about how the accident occurred, what Premcor employees "knew or should have known," or whether Premcor showed "reckless indifference."[1]

Nevertheless, there is potential that Mr. Posusney has expert testimony on matters that would help the jury and would fit the facts of this case. From reviewing his report, the potential

---

[1] The Plaintiff agrees the "reckless indifference" testimony is inadmissible. What the Defendant "knew or should have known" is a factual question on which I do not believe Mr. Posusney's opinion would be helpful. I am doubtful that he has any particular expertise to offer on that topic.

areas are: (1) whether the regulations, codes, and/or standards of OSHA, ASTM (the American

Society for Testing and Materials), and/or the BOCA (Building Officials and Code

Administrators) set forth a standard of care that Premcor needed to meet; and (2) whether the

manhole cover that was covering the opening into which the Plaintiff fell complied with any

regulations, codes, and/or standards determined to be applicable.

   The difficulty with Mr. Posusney's testimony is that his expertise is technical, but the

disputed issues are mostly legal – do the regulations, codes, or standards apply to the facts of this

case?  Defendant argues that the OSHA standards do not apply because (1) the cited portions

apply to an "employer" and that was Griffith Roofing, not the Defendant; (2) the cited portions

only apply during the workday; and (3) the cited portions do not apply because of an exception

for manhole covers used on streets or roadways.  Defendant argues that Mr. Posusney does not

(and, at deposition, could not) explain the basis for his opinion that the ASTM Standard Practice

for Safe Walking Surfaces was violated.  Defendant argues that BOCA does not apply because

there is no evidence that BOCA applies to Delaware City.

   In regard to these five arguments, I reach the following conclusions: (1) I need further

briefing on whether the Defendant is an "employer" within the meaning of the OSHA

regulations; (2) I believe the "only applies during the workday" argument is without merit, as it

appears clear to me that the limitation is that the regulation applies once a construction project

begins until the project ends; (3) the papers do not make clear to me whether the manhole was on

a street or roadway, and there does not appear to be any authority on the public/private

distinction; (4) the papers do not make clear to me whether the ASTM testimony would be

admissible; and (5) unless there is a showing that the BOCA standards apply to Delaware City,

the testimony will not be admitted.

In order to reach an appropriate decision on the issues, I have set a schedule for further briefing on points (1) and (3) (the issue in regard to this being whether there is any legal authority for a distinction between private and public roadways), and will require testimony outside the presence of the jury on points (3) (the issue in regard to this being whether the scene was a street or roadway), (4), and (5).

Richard G. Andrews
United States District Judge

October 5, 2012
Wilmington, Delaware